FILED
2020 OCT 30 AM 11:55
CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **LORENA RICO,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:18-cv-00644-JCB** |
| **JEREMY EVELAND; EVELAND & ASSOCIATES, PLLC; MICHAEL R. ANDERSON; and ASCENT LAW, LLC,** | |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

All parties in this case have consented to a United States Magistrate Judge conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Before the court is Plaintiff Lorena Rico's ("Ms. Rico") motion to extend the time for her response to Defendants Jeremy Eveland; Eveland & Associates, PLLC; Michael R. Anderson; and Ascent Law, LLC's (collectively, "Defendants") motion for summary judgment.[2]  Based upon the analysis set forth below, Ms. Rico's motion is granted.

---

[1] ECF No. 19.

[2] ECF No. 51.

## **RELEVANT BACKGROUND**

Defendants' filed their motion for summary judgment on July 21, 2020.[3]  On August 18, 2020, the parties filed a stipulated motion to extend the time for Ms. Rico's response to Defendants motion for summary judgment.[4]  The court granted that motion the following day and set a September 1, 2020 deadline for Ms. Rico's response.[5]

On September 2, 2020, after Ms. Rico failed to file a timely response, Defendants filed a request to submit their motion for summary judgment for decision.[6]  Sometime thereafter, court personnel contacted Ms. Rico's counsel concerning the failure to file a timely response.  On October 2, 2020, Ms. Rico filed the motion currently before the court, in which she seeks an extension of time to file her response.[7]  Defendants oppose Ms. Rico's motion.[8]

In the motion, Ms. Rico's reply,[9] and a declaration submitted along with the reply,[10] Ms. Rico's counsel explains and provides evidence regarding serious health complications he has experienced beginning in approximately June or July 2020 and extending through at least September 2020.  Due to the private nature of those details, the court will not discuss them here.

---

[3] ECF No. 47.

[4] ECF No. 48.

[5] ECF No. 49.

[6] ECF No. 50.

[7] ECF No. 51.

[8] ECF No. 52.

[9] ECF No. 55.

[10] ECF No. 54.

## LEGAL STANDARDS

Fed. R. Civ. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  At the same time, Fed. R. Civ. P. 6(b)(1)(B) provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect."

As the Tenth Circuit Court of Appeals has recognized, good cause and excusable neglect are not identical but are interrelated.  *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir. 1987).

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.

*In re Kirkland*, 86 F.3d at 175 (quotations and citations omitted); *see also Putnam,* 833 F.2d at 905.  "'[G]ood cause' requires a greater showing than 'excusable neglect.'"  *In re Kirkland*, 86 F.3d at 175.  "Demonstrating good cause under the [Rule 16(b)(4)] requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."  *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quotations and citation omitted).

In determining whether excusable neglect exists,

> a court must take into account "all relevant circumstances surrounding the party's omission."  These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4) "whether the movant acted in good faith."

*Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).[11]  "The Tenth Circuit has . . . held that the third factor . . . is 'perhaps the most important single factor . . . in determining whether neglect is excusable.'"  *Id.* (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)) (third alteration in original).  "'[A]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'"  *Id.* (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)) (alteration in original).

## ANALYSIS

For the reasons set forth below, the court concludes that Ms. Rico has established both excusable neglect and good cause.  Therefore, her motion is granted.

**I.    Ms. Rico Has Demonstrated Excusable Neglect.**

**A.    There Is No Danger of Undue Prejudice to Defendants.**

Although Defendants' motion for summary judgment has been pending for approximately three months, the court cannot see any danger of undue prejudice to Defendants if the court extends the deadline for Ms. Rico's response.  In fact, the minimal time it took Defendants to prepare a request to submit and a draft order is not sufficiently prejudicial to militate against finding excusable neglect.  Moreover, the court concludes that allowing full briefing on

---

[11] Although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), . . . its analysis rested on the plain meaning of the terms . . . .  Accordingly, the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b) . . . ."  *Shifers*, 2018 WL 6620866, at *3 (citing multiple Tenth Circuit cases) (quotations and citations omitted).

Defendants' motion for summary judgment will aid both parties in fully developing the legal issues to be decided by the court and permit the court to decide Defendants' motion on its merits.

**B.      The Length of the Delay Is Reasonable and Will Not Negatively Impact the Judicial Proceedings.**

If granted, Ms. Rico's requested extension would amount to approximately two months, which the court concludes is reasonable under the circumstances.  More importantly, the court concludes that the delay will not negatively impact these proceedings.  This is especially true where, as here, trial in this matter is not imminent and the recent General Order of this court continues all trials until at least the end of January 2021.  And as noted above, it will help the parties to fully develop the legal issues presented by Defendants' motion for summary judgment, and it will assist the court in deciding those issues.

**C.      Ms. Rico Has Proffered an Adequate Reason for the Delay.**

For the same reasons stated in Section II. below, the court concludes that Ms. Rico has stated an adequate explanation for her failure to meet the deadline at issue.

**D.      There Is No Evidence That Ms. Rico or Her Counsel Acted in Bad Faith.**

Despite Defendants' contentions to the contrary, the court cannot see any specific evidence indicating that Ms. Rico or her counsel acted in bad faith.  Thus, this factor weighs in favor of a finding of excusable neglect.

**II.      Ms. Rico Has Established Good Cause.**

Having found that Ms. Rico meets the lesser excusable neglect standard, the court now examines whether she meets the good cause standard.  As stated above, to establish good cause to extend the deadline in question, Ms. Rico must provide an adequate explanation for her failure to meet that deadline. *Strope*, 315 F. App'x at 61.  The court concludes that Ms. Rico's stated

explanation for the delay—her counsel's serious health complications—is adequate.[12]  Therefore, the court finds that Ms. Rico's delay is justified by good cause.

## **CONCLUSION AND ORDER**

Based upon the foregoing analysis, the court concludes that Ms. Rico has demonstrated excusable neglect for failing to meet the expired deadline for her response to Defendants' motion for summary judgment.  Additionally, the court concludes that Ms. Rico has established good cause for extending that deadline.  Therefore, Ms. Rico's motion for an extension of time[13] is GRANTED.

Accordingly, IT IS HEREBY ORDERED that Ms. Rico shall file her response to Defendants' motion for summary judgment on or before November 2, 2020.[14]  Defendants shall file their reply, if any, on or before November 16, 2020.

DATED October 30, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[12] Although the court concludes that Ms. Rico has proffered an adequate explanation for the failure to meet the deadline in question in this instance, the court admonishes Ms. Rico's counsel to strictly adhere to future deadlines in this case.  If unable to do so, Ms. Rico's counsel should confer with Defendants' counsel about and/or seek court approval for extensions of any relevant deadlines well in advance of their expiration.

[13] ECF No. 51.

[14] Given that Ms. Rico attached a draft of her response to Defendants' motion for summary judgment to her motion for extension of time, the court assumes that this relatively short extension is reasonable.