# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **LORENA RICO,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JEREMY EVELAND; EVELAND & ASSOCIATES, PLLC; MICHAEL R. ANDERSON; and ASCENT LAW, LLC,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:18-cv-00644-JCB**<br><br><br>**Magistrate Judge Jared C. Bennett** |

All parties in this case have consented to a United States Magistrate Judge conducting all proceedings, including entry of final judgment.[1] 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court are Plaintiff Lorena Rico's ("Ms. Rico"): (1) motion for an extension of time to file an objection to certain affidavits submitted by Defendants Jeremy Eveland; Eveland & Associates, PLLC; Michael R. Anderson; and Ascent Law, LLC (collectively, "Defendants") with their reply in support of their motion for summary judgment;[2] (2) motion/objection to those affidavits;[3] and (3) request for oral argument on Defendants' motion for summary judgment.[4] The court has carefully reviewed the written memoranda submitted by the parties. Under DUCivR 7-1(f), the

---

[1] ECF No. 19.

[2] ECF No. 63.

[3] ECF No. 61.

[4] ECF No. 62.

court concludes that oral argument is not necessary and, therefore, decides the matters on the written memoranda. The court addresses the matters in turn below. Based upon the following analysis, Ms. Rico's motion for an extension of time is denied, her motion/objection to the admission of certain affidavits is denied as untimely, and her request for oral argument is denied.

## ANALYSIS

**I.       Ms. Rico's Motion for Extension of Time Is Denied.**

Ms. Rico's counsel seeks an extension of time to file the motion/objection to the admission of certain affidavits submitted by Defendants with their reply in support of their motion for summary judgment. DUCivR 7-1(b)(1)(B),[5] which governs evidentiary objections for evidence offered in response and reply memoranda, provides that a party objecting to evidence offered in support of a reply memorandum must file that objection within 7 days after service of the reply. Here, Defendants filed their reply in support of their motion for summary judgment, along with the affidavits that are the subject of Ms. Rico's motion/objection, on November 10, 2020.[6] Thus, Ms. Rico's counsel was required to file any objection on or before November 17, 2020. However, Ms. Rico's counsel did not file the motion for extension of time until November 20, 2020.[7] Because the motion for extension of time was filed after the

---

[5] DUCivR 7-1(b)(1)(B) is incorporated into DUCivR 56-1. DUCivR 56-1(c)(3) n.8 ("Parties who wish to raise evidentiary objections may do so pursuant to DUCivR 7-1(b)(1)(B) and Fed. R. Civ. P. 56(c)(2).").

[6] ECF No. 59.

[7] ECF No. 63.

expiration of the relevant deadline, the court must analyze whether good cause and excusable neglect exist to justify extending that deadline.

Fed. R. Civ. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." At the same time, Fed. R. Civ. P. 6(b)(1)(B) provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect."

As the Tenth Circuit Court of Appeals has recognized, good cause and excusable neglect are not identical but are interrelated. *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir. 1987).

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.

*In re Kirkland*, 86 F.3d at 175 (quotations and citations omitted); *see also Putnam,* 833 F.2d at 905. "'[G]ood cause' requires a greater showing than 'excusable neglect.'" *In re Kirkland*, 86 F.3d at 175 (footnote omitted). "Demonstrating good cause under the [Rule 16(b)(4)] requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quotations and citation omitted).

In determining whether excusable neglect exists,

> a court must take into account "all relevant circumstances surrounding the party's omission." These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was

within reasonable control of the movant"; and (4) "whether the movant acted in good faith."

*Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (citations omitted).[8] "The Tenth Circuit has . . . held that the third factor . . . is 'perhaps the most important single factor . . . in determining whether neglect is excusable.'" *Id.* (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)) (third alteration in original). "'[A]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'" *Id.* (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)) (alteration in original).

For the reasons set forth below, the court concludes that Ms. Rico's counsel has failed to establish excusable neglect or good cause. Therefore, Ms. Rico's motion is denied.

### A. Ms. Rico's Counsel Has Failed to Demonstrate Excusable Neglect.

In determining whether excusable neglect has been demonstrated, the court first considers whether extending the relevant deadline would impose undue prejudice on Defendants. The court cannot see how allowing Ms. Rico to file her objections would impose such prejudice on Defendants. Accordingly, this factor weighs in favor of a finding of excusable neglect.

Second, the court considers the length of the delay and its impact on the judicial proceedings. If granted, Ms. Rico's counsel's requested extension would amount to two or three

---

[8] Although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), . . . its analysis rested on the plain meaning of the terms . . . . Accordingly, the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b) . . . ." *Shifers*, 2018 WL 6620866, at *3 (citing multiple Tenth Circuit cases) (quotations and citations omitted).

4

days, which is minimal.  Additionally, the court cannot see any negative impact that the requested extension would impose upon on these proceedings.  Therefore, this factor weighs in favor of a finding of excusable neglect.

      Third, and most importantly, the court considers whether Ms. Rico's counsel has proffered an adequate reason for the delay.  The court concludes that he has not.  In the motion for extension of time, Ms. Rico's counsel indicates that he did not file the motion/objection in a timely fashion because his "vehicle broke down a few days before [Ms. Rico]'s objection was due[,] and the time expended in attending to that vehicle's repair and arranging for alternative means of transportation until it was repaired delayed [Ms. Rico]'s counsel two days in his briefing schedule."[9]  However, Ms. Rico's counsel does not offer: (1) any details about any efforts he made to prepare the motion/objection in the days after Defendants' reply was filed and prior to his vehicle issues; (2) any details about efforts he made to contact Defendants' counsel about an extension after he encountered vehicle issues or why such efforts were not possible; or (3) any supporting evidence concerning his vehicle issues.  Indeed, Ms. Rico's counsel does not mention even contacting opposing counsel to obtain extension of time.  Under those circumstances, the court concludes that Ms. Rico's counsel has failed to proffer an adequate explanation for the delay.[10]  That, by itself, weighs heavily against a finding of excusable neglect

---

[9] ECF No. 63 at 2.

[10] The court notes that this is not the first time in this case that Ms. Rico's counsel has failed to comply with court-ordered deadlines and then moved for an extension of time after the fact.  Furthermore, the court has warned Ms. Rico's counsel about avoiding such circumstances.  Indeed, in the most recent order providing Ms. Rico's counsel with an extension of time under similar circumstances, the court admonished Ms. Rico's counsel "to strictly adhere to future deadlines in this case."  ECF No. 57 at 6 n.12.  The court further admonished Ms. Rico's counsel

and justifies denying Ms. Rico's motion. *Id.* ("'[A]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'" (quoting *Perez*, 847 F.3d at 1253) (alteration in original)).

Finally, the court considers whether Ms. Rico's counsel has acted in good faith. The court cannot conclude that he has. Although there is no direct evidence of bad faith, given Ms. Rico's counsel's prior failure to comply with court-ordered deadlines in this case, as well as the court's clear admonishment that such failures should be avoided, the court infers that he did not act in good faith in this instance. Accordingly, this factor weighs against a finding of excusable neglect.

Based upon consideration of the relevant factors, the court concludes that Ms. Rico's counsel has failed to establish excusable neglect. By itself, that conclusion justifies denying the motion. Nevertheless, assuming that Ms. Rico's counsel has established excusable neglect, the court now turns to whether he has established good cause.

### B. Ms. Rico's Counsel Has Failed to Establish Good Cause.

Having determined that Ms. Rico's counsel failed to satisfy the lesser excusable neglect standard, the court now examines whether he meets the good cause standard. As stated above, to establish good cause to extend the deadline in question, Ms. Rico's counsel must provide an adequate explanation for his failure to meet that deadline. *Strope*, 315 F. App'x at 61. Ms. Rico's counsel does not provide an adequate explanation because the motion for extension of time is bereft of what counsel did to comply with the deadline before the automobile trouble,

---

that if he was "unable to do so, [he] should confer with Defendants' counsel about and/or seek court approval for extensions of any relevant deadlines well in advance of their expiration." *Id.*

how the automobile trouble was so substantial that it precluded the completion of the motion/objection, or why seeking a timely extension of time was not possible under the circumstances. These defects are especially acute where, as here, Ms. Rico's counsel had been previously warned about failing to comply with court deadlines. Accordingly, the court concludes that Ms. Rico's counsel has failed to establish good cause, which requires denial of Ms. Rico's motion for extension of time.

## II.     Ms. Rico's Motion/Objection Is Denied as Untimely.

Because the court has denied Ms. Rico's motion for extension of time, the court must deny her motion/objection as untimely under DUCivR 7-1(b)(1)(B).

## III.    Ms. Rico's Request for Oral Argument Is Denied.

Ms. Rico requests oral argument on Defendants' motion for summary judgment. For the following reasons, that request is denied.

Under DUCivR 7-1(f), a request for oral argument on a motion will be granted only "on good cause shown." "Otherwise, motions are to be submitted to and will be determined by the court on the written memoranda of the parties." DUCivR 7-1(f). Here, Ms. Rico contends that oral argument is necessary primarily because of "new" evidence Defendants submitted with their reply in support of their motion for summary judgment. However, in a separate Memorandum Decision and Order to be issued on Defendants' motion for summary judgment, the court has concluded that Defendants' submission of that evidence was proper under DUCivR 56-1(d) because it was proffered to rebut Ms. Rico's claim that a material fact was in dispute. DUCivR 56-1(d) (providing that a reply memorandum in support of a motion for summary judgment "may cite only additional evidence not previously cited in the opening memorandum to rebut a claim

that a material fact is in dispute"). Furthermore, the court is not persuaded that oral argument would affect that outcome or would be beneficial to the court. Thus, the court concludes that Ms. Rico has not demonstrated good cause to support her request for oral argument and, therefore, the request is denied.

## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Ms. Rico's motion for an extension of time to file an objection to certain affidavits submitted by Defendants with their reply in support of their motion for summary judgment[11] is DENIED.

2. Ms. Rico's motion/objection to the admission of those affidavits[12] is DENIED as untimely.

3. Ms. Rico's request for oral argument on Defendants' motion for summary judgment[13] is DENIED.

IT IS SO ORDERED.

DATED December 17, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[11] ECF No. 63.

[12] ECF No. 61.

[13] ECF No. 62.